PEOPLE, Respondent, v. CHANG WANG, Appellant.

March 14, 1866.

**Grand Juror—Residence.—Where, on a Showing That a Grand Juror** had a Dwelling in San Francisco and lived in it during the winter, also a country seat in an outside county, where he lived during the summer and where he voted, the trial court's ruling that he was competent to be a grand juror in San Francisco will not be disturbed.

APPEAL from Fifteenth Judicial District, San Francisco County.

Attorney General for respondent; C. N. Fox for appellant.

SAWYER, J.—The principal error relied on is the refusal of the court to set aside the indictment on the ground that T. O. Selby, the foreman of the grand jury which found the bill, was not, at the time of finding the indictment, a resident of the city and county of San Francisco, but was a resident of the county of San Mateo. The testimony of Mr. Selby is to the effect that he has a winter residence in San Francisco, and a summer residence in the country in the county of San Mateo; that he intended to occupy his residence in San Francisco in the winter season and his residence in San Mateo in the summer; that he first moved to his summer residence in San Mateo county in the summer of 1863; that while there he voted in San Mateo county; that he moved back to his winter residence in San Francisco last September; that on the 20th of April last, five days before the finding of the indictment, he returned to his summer residence in San Mateo county; that his business is in the city of San Francisco, and, that since his return to the city last fall with his family he had considered the city his residence, and had voted there. The court found him to be a resident of San Francisco, and a competent grand juror. Upon the evidence we do not think we should be justified in setting aside the finding of the district court on this point. The testimony does not satisfactorily show Mr. Selby to have been a nonresident, and in such cases the ruling of the district court will not be disturbed: People v. Stonecifer, 6 Cal. 411; People v. Henderson [28 Cal. 465], July term, 1865.

We cannot say that the court did not soundly exercise its discretion in denying a new trial on the ground of newly discovered evidence.

The judgment is affirmed and the district court directed to appoint a day for carrying the judgment into execution.

We concur: Sanderson, J.; Currey, C. J.

We dissent: Rhodes, J.; Shafter, J.